UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSEMARY YODICE,

                              Plaintiffs,

     -against-

CITIGROUP, INC.,

                              Defendant.
------------------------------------------------------------------X

Case No.:25-9272

**COMPLAINT**

**PLEASE TAKE NOTICE** that the Plaintiff, by the undersigned, complaining of the Defendant, hereby alleges as follows:

## THE PARTIES

1. Rosemary Yodice is an individual adult, a citizen of New York, and a resident of Richmond County. She was employed by Defendants from approximately 2010 until April 7, 2025. Yodice was a competent employee, received positive reviews and commendations, had good and consistent attendance, and fulfilled her duties faithfully

2. Citigroup, Inc. ("Defendant" or "Citi") is a corporation existing under and by virtue of the laws of the State of Delaware, and is registered to do business in New York.

3. Citi is a multinational investment bank and financial services company based in New York City. It is one of the largest banking institutions in the United States. Citi employs over 230,000 people.

## JURISDICTION AND VENUE

4. This Court has original federal jurisdiction over this controversy pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, 28 U.S.C. §1331, and has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over the Defendant because it is a citizen and resident of the State of New York who is domiciled in and conducts business in the State of New York and the actions that form the basis of this action took place in the State of New York.

6. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 (b).

7. Yodice filed a charge with the EEOC on or about September 8, 2025, and received a right to sue letter on or about September 9, 2025.

8. Pursuant to Section 8-502(c) of the NYCHRL, Plaintiff will cause to be served within ten days a Copy of the Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## STATEMENT OF FACTS

9. In or about 2010, Yodice began working for Defendant. Yodice was hired as a Temporary employee as a Security Analyst in the Proxy department.

10. Yodice's manager was so impressed with her work and dedication during the year she was a temporary employee that the manager created an open job requisition and offered Yodice a permanent position at Citi.

11. In 2023 she was transferred to the Norges Client Service Team.

12. In April, 2025, Yodice was terminated. Yodice was 56 years old at the time she was terminated.

13. At the time of her termination Yodice was working remotely from home in Staten Island, New York, due to a health accommodation.

14. Yodice worked continuously for Defendants for approximately fourteen years prior to her termination. Yodice was promoted to Assistant Vice President and received many accolades from upper management on her work, both internally and with her team's external Prime Clients. Yodice was proud to work at Citi and always took her job seriously.

15. Throughout her years working at Citi Yodice consistently delivered high quality work, took initiative and had a positive attitude while always being a team player.

16. Yodice worked as an Assistant Vice President in Citi's Jersey City, NJ office. She worked as a Client Service Rep for more than 15 Prime Clients including Blackrock, Citadel, Oz Management prior to transferring to the Norges Team. Yodice's duties included answering all of her team's clients' inquiries and fulfilling all of their needs regarding corporate actions, class actions, income/dividends and proxies. Yodice would complete daily reporting and participate in daily or weekly client meetings and in person visits at Citi's main building at 388 Greenwich Street in New York, NY.

17. Throughout her employment until 2025, Yodice was never subjected to any disciplinary action, bad performance reviews, or performance improvement plan.

18. In or about January or February 2025, Yodice received her first ever performance warning, though the warning was informal.

19. Upon information and belief, Yodice was the oldest member of her team at Citigroup. At the time of her termination Yodice was 56 years old. Upon information and belief, the Senior Vice President who oversaw the team, Ryan Smith, was younger than 40 years old.

Upon information and belief, the team lead, Thomas Colagrande, was approximately 32 years old.  Upon information and belief, another member of the team, Alverio Alvarez, was in his 40s.

20.     Yodice was terminated from Citi because of her age.

21.     Yodice's replacement was much younger than she was, believed to be in her 20s or 30s.

## AS AND FOR A FIRST CAUSE OF ACTION

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "21" hereinabove with the same force and effect as if set forth hereat in length.

23.     The Defendant employed Yodice.

24.     The Age Discrimination in Employment Act bans discrimination against a covered employee based on the employee's age.

25.     Defendant is an employer covered by the Age Discrimination in Employment Act.

26.     Defendant terminated Yodice because of her age, in violation of the Age Discrimination in Employment Act.

27.     By reason of the foregoing Yodice is entitled to damages, including backpay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "27" hereinabove with the same force and effect as if set forth hereat in length.

29.     The Defendants employed Yodice.

30. Defendants terminated Yodice due to her age, in violation of New York State Human Rights Law.

31. By reason of the foregoing Yodice is entitled to damages, including backpay, front pay, compensatory damages, punitive damages, and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "19" hereinabove with the same force and effect as if set forth hereat in length.

33. Defendants employed Plaintiff Yodice.

34. Defendants terminated Plaintiff Yodice due to her age, in violation of the New York City Human Rights Law.

35. By reason of the foregoing Yodice is entitled to damages, including backpay, front pay, compensatory damages, punitive damages, and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

(A) On the First Cause of Action, a declaration that Defendant is in violation of the Age Discrimination in Employment Act, and damages in an amount to be determined at trial

(B) on the Second Cause of Action, a declaration that Defendants are in violation of the New York State Human Rights Law, and damages in an amount to be determined at trial;

5

(C) on the Third Cause of Action a declaration that Defendants are in violation of the New York City Human Rights law, and damages in an amount to be determined at trial;

(D) for attorneys' fees and court costs; and

(E) for such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
November 6, 2025

Yours, etc.,

MORRISON TENENBAUM PLLC

By: _____/s/ Joshua S. Androphy_____
Joshua S. Androphy, Esq.

*Attorneys for Plaintiff Rosemary Yodice*

Office and Post Office Address
87 Walker Street, 2nd Floor
New York, New York 10013
(212) 620-0938
jandrophy@m-t-law.com